UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| STEPHANIE FONTENOT | CIVIL ACTION NO. 6:15-CV-01972 |
| VERSUS | JUDGE DEE D. DRELL |
| WAL-MART STORES, INC. and CAROLYN ALLEMAND | MAGISTRATE JUDGE WHITEHURST |

## **MEMORANDUM ORDER**

Before the Court is a Motion to Quash Deposition [Rec. Doc. 34] filed by Defendant, Wal-Mart Louisiana, LLC ("Wal-Mart"), Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash Deposition of Janine Cunningham [Rec. Doc. 39], and Wal-Mart's Reply thereto [Rec. Doc. 40].

Wal-Mart seeks to quash the deposition of Janine Cunningham set to take place by video-conferencing on June 16, 2016 at 10:00 a.m. Wal-Mart argues that the deposition should be quashed because Wal-Mart did not stipulate to Plaintiff taking the deposition of the witness by remote means and Plaintiff has not motioned for a court order that the deposition be taken by remote means.

Plaintiff asserts that she has been attempting to schedule the deposition of the witness since October 2015 and that Wal-Mart was fully aware that such deposition was to take place via video-conferencing and did not oppose the deposition being taken by remote means until it was finally scheduled. In support of her position, Plaintiff attaches a series of emails between counsel for Plaintiff and counsel for Wal-Mart wherein the video conferencing deposition was discussed [Rec. Doc. 39, Exh. F]. In her opposition, Plaintiff specifically requests an order from the Court

allowing the deposition to take place via video conferencing. [Rec. Doc. 39, p. 2].

Pursuant to Rule 30(b)(4), "the parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." It is the burden of the party noticing the deposition to "establish a legitimate reason for its motion." *United States v. All Funds on Deposit at Old Mut. Of Berm. Ltd. Contract Number CX4011696*, 2014 WL 1912091 (S.C. Tex. May 13, 2014)(citing *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008)). A party opposing such deposition must establish good cause as to why it should not be conducted in such a manner. *Id.* Generally, leave to take depositions by remote means should be granted liberally. *Brown,* 253 F.R.D. at 412.

The emails submitted by Plaintiff evidence a clear understanding by the parties that the deposition of Janine Cunningham would be taken via video-conferencing. [Rec. Doc. 39, Exh. F]. In an email dated May 3, 2016, counsel for Plaintiff specifically requests from counsel for Wal-Mart, the location of the witness in order to "set up a *video-conferencing deposition* close to the adjuster's area/work place, etc." *Id.* (emphasis added)  In a later email dated May 5, 2010, counsel for Plaintiff requests from counsel for Wal-Mart, available dates so that "I can subpoena and set up the *video conferencing deposition* of the CMI adjuster[.]" *Id.* (emphasis added). In yet another email dated May 6, 2016, counsel for Plaintiff asks counsel for Wal-Mart to reserve specific dates for Ms. Cunningham's deposition so that the counsel for Plaintiff could "check with the *video conferencing* people to see if they are available on those dates." *Id.* (emphasis added). In the final email dated May10, 2016, counsel for Plaintiff requests that counsel for Wal-Mart reserve the date of June 16, 2016 as the deposition date for Ms. Cunningham and confirms that counsel for Plaintiff has "contacted a *video conference/court reporter's* office and they are holding that date." *Id.* (emphasis added).

In responding to these emails, counsel for Wal-Mart never opposed or questioned the suggestion that the deposition be taken by remote means.[1]  Such acquiescence by counsel for Wal-Mart indicates to the Court that there was a stipulation by Wal-Mart to taking of the deposition by remote means.

Accordingly, the Motion to Quash Deposition [Rec. Doc. 34] filed by Defendant, Wal-Mart Louisiana, LLC ("Wal-Mart") is DENIED.

Signed this 31st day of May, 2016 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[1]  In fact, in response to the May 6, 2016 email in which counsel for Plaintiff asked counsel for Wal-Mart to hold specific dates for the deposition so that those dates could be coordinated with the person who would be conducting the *video conference,* counsel for Wal-Mart simply replied, "Absolutely! Thanks!"