RECEIVED

AUG - 5 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| STEPHANIE FONTENOT | DOCKET NO.: 6:15-cv-01972 |
| VERSUS | |
| WAL-MART STORES, INC. and CAROLYN ALLEMAND | JUDGE DEE D. DRELL MAG. JUDGE PEREZ-MONTES |

### MEMORANDUM RULING

Before the court is a motion for summary judgment (Doc. 29) filed by defendant, Wal-Mart Louisiana, L.L.C.[1] ("Wal-Mart"), in which it seeks dismissal of all claims against it in the above captioned matter. Wal-Mart contends plaintiff, Stephanie Fontenot, cannot carry her burden of proving that Wal-Mart either created or had actual or constructive notice of the condition which caused her to slip and fall.

For the reasons expressed below, the court finds the defendants' motion should be GRANTED.

### Applicable Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th

---

[1] Plaintiff originally filed suit against Wal-Mart Stores, Inc. and Carolyn Allemand. On July 30, 2015, Carolyn Allemand was dismissed as an improperly joined defendant (Doc. 10). On October 20, 2015, plaintiff amended her complaint to substitute defendant Wal-Mart Stores, Inc. with Wal-Mart Louisiana, L.L.C. (Doc. 15).

Cir.2011)(internal citations omitted).   It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

<u>Law and Analysis</u>

On July 10, 2014, Ms. Fontenot slipped and fell in the Wal-Mart store located on Creswell Lane in Opelousas, Louisiana.   Deposition testimony from Ms. Fontenot, her daughter, Destiny Barnaba, and Wal-Mart manager, Howard Tezeno, establishes that there were drops of water on the floor at the accident scene.   (Doc. 29-3, p.4; Doc.294, p.4; Doc. 53-3, p.62).   As a result of the slip and fall, Ms. Fontenot injured her left knee which required surgery, rehabilitation and physical therapy.

Wal-Mart contends this court should grant summary judgment because Ms. Fontenot cannot carry her burden of establishing that Wal-Mart created the drops of water on the floor or had actual or constructive notice of the water.   This burden of proof is set forth in the Louisiana Merchant Liability Act, LA.R.S. 9:2800.6 which provides in relevant part:

> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.   In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.  The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La.R.S. 9: 2800.6(B)(2).  Plaintiff bears this burden of proof and "the failure to prove any of these elements is fatal to the claimant's cause of action."  White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1082 (La. 1997).

In opposition to the motion for summary judgment, Ms. Fontenot presents the deposition testimony of several witnesses and the affidavit of her private investigator, Troy Rue.  Mr. Rue's affidavit states that he noticed a joint in the sprinkler system "immediately above where Ms. Fontenot fell … [that] shows rust indicating [a] periodic leak at that joint which could be the source of water dripping onto the floor."  (Doc. 56-2).  Ms. Fontenot argues that this affidavit establishes that Wal-Mart created the drops of water on the floor and/or is circumstantial evidence that is sufficient to establish constructive knowledge.

"To avoid a summary judgment motion, mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6."  Allen v. Wal–Mart Stores, Inc., 850 So.2d 895, 898 (La.App. 2 Cir. 2003) (citing Robinson v. Brookshires # 26, 769 So.2d 639 (La.App. 2 Cir. 2000).  See Richard v. Liberty Mut. Ins. Co., 123 So.3d 345, 349 (La.App. 3 Cir. 2013) ("Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact.") (citing Sears v. Home Depot, USA, 943 So.2d 1219, 1228 (La.App. 4 Cir. 2006).  "There must be proof that the merchant is directly responsible for the spill or other hazardous condition."  Gray v. Wal-Mart La., L.L.C.,

484 Fed.Appx. 963, 966 (5th Cir. 2012)(emphasis added)[2].   Mr. Rue concludes that the water *could* have come from the rusty joint in the sprinkler system.   There is no evidence that it did come from the sprinkler system, that there was a leak in the system that day or any other day or that Wal-Mart was responsible in creating the leak or failing to maintain the sprinkler system.   Thus, Ms. Fontenot has failed to establish that Wal-Mart created the hazardous condition.

Ms. Fontenot does not argue that Wal-Mart had actual knowledge of the water on the floor as the evidence does not support that conclusion.   Neither Ms. Fontenot nor Ms. Barnaba possess information suggesting Wal-Mart or its employees knew there was water on the floor.   (Doc. 29-3, p.6 and 29-4, p.7).   Accordingly, the only other means by which Ms. Fontenot can sustain her burden of proof is to prove Wal-Mart had constructive knowledge of the water on the floor.

Ms. Fontenot argues that Mr. Rue's affidavit amounts to circumstantial evidence sufficient to establish the temporal element needed for constructive knowledge.    However, Mr. Rue's statement is speculation, not circumstantial evidence and there is nothing in the statement to show that the sprinkler system had a leak, leaked and created water on the floor on the day of the accident or that it was in fact the source of the water on the floor.   Even if it did, case law is clear that Ms. Fontenot must also provide evidence to show the water was on the ground for such a period of time that Wal-Mart should have known of its existence.   See Flowers v. Wal-Mart, 99 So.3d 696, 699 (La. 2012)(citing White, 699 So.2d at 1084).   In fact, the evidence that is in the record shows neither Ms. Fontenot nor Ms. Barnaba could speculate as to how long the water might have been

---

[2] See Ross v. Schwegmann Giant Super Markets, 734 So.2d 910, 913 (La.App.1999) ("[T]he wording of [La.Rev.Stat. 9:2800.6(B)(2) ] ... means there must be proof that the merchant is directly responsible for the spill or other hazardous condition. In this case, there is no evidence that would establish that the crab salad found its way onto the floor because of an act by a Schwegmann employee."); Savoie v. SW. Lous. Hosp. Ass'n., 866 So.2d 1078, 1081 (La.App.2004) (merchant "created" hazard where plaintiff had slipped on wax-like substance on floor, and merchant was responsible for cleaning floor).

on the floor, but they did noticed the area was free of footprints, buggy tracks and skid marks. (Doc. 29-3, p.5-6; Doc. 29-4, p. 4-7).

Finally, Ms. Fontenot argues that factual disputes exists as to whether or not her son placed an empty water bottle on a stack base near the accident scene, whether she was wearing flip-flops, closed toed shoes or "chunky" shoes, and whether she slipped and fell or staged and accident. While the court agrees that there are factual disputes regarding each of these matters[3], none of these matters have any bearing on whether Wal-Mart either created the water on the floor or knew or should have known there were drops of water on the floor.

Conclusion

As Ms. Fontenot has failed to provide any competent evidence to show that she can sustain her burden of proof at trial, we find that the motion should be granted.  The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**August __, 2016**

**DEE D. DRELL, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Mr. Tezeno recalled his co-worker, Tessa Jacobs, telling him that a customer, Lynn Webre, saw the accident and witnessed Ms. Fontenot's son place the water bottle on the stack base.  (Doc. 53-5, p. 43-44).  However, at her deposition, Ms. Webre did not recall Ms. Fontenot's son having a bottle in his hands or setting it down on the stack base which is consistent with the testimony of Ms. Fontenot and Ms. Barnaba.  (Doc. 53-3, p.12; Doc. 29-3, p.5; Doc.53-1, p.28).  Rather, it was Ms. Jacobs who testified at deposition that she witnessed Ms. Fontenot's son place the water bottle on the stack base (Doc. 53-7, p.14).